1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO. 2017-CA-008731-O

SHEDRICK D. WRIGHT, an individual,

        Plaintiff,

vs.

CHRYSLER CAPITAL CORPORATION,
a Delaware corporation, and ACE AUTO
RECOVERY, INC., a Florida corporation,
d/b/a "Ace Auto Recovery of Orlando Corp.,"
"Ace Recovery" and "Platinum Recovery,"

        Defendants.

                                        /

## SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

        Plaintiff, Shedrick D. Wright, an individual, sues Defendants, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, and Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," and would state as follows:

### INTRODUCTION

        1.     This is an action which seeks injunctive and monetary relief to redress the unlawful repossession of the automobile of Mr. Wright. In particular, Defendants repossessed the automobile of Mr. Wright through a breach of the peace and contrary to the requirements of the Uniform Commercial Code ("UCC"). As a result, Plaintiff is advancing claims against Defendants for, *inter alia,* violations of state and federal consumer protection laws seeking damages and injunctive relief with respect to the repossession of his vehicle.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

## ALLEGATIONS AS TO PARTIES

2.      At all times material hereto, Plaintiff, Shedrick D. Wright ("Mr. Wright"), was *sui juris* and a resident of Orange County, Florida.

3.      At all times material hereto, Defendant, Santander Consumer USA, Inc., is a Florida corporation d/b/a Chrysler Capital Corporation ("Chrysler Capital"), doing business in Orange County, Florida.

4.      At all times material hereto, Defendant, Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery" ("Ace Auto Recovery"), was a Florida corporation, doing business in Orange County, Florida.

5.      At all times material hereto, Chrysler Capital was in the business of providing, *inter alia,* consumer credit for the financing of new and used automobiles in Orange County, Florida.

6.      At all times material hereto, Ace Auto Recovery was a "recovery agency" licensed under Florida Statute §493.6401.

## FACTUAL ALLEGATIONS

### A. Financing of Vehicle by Mr. Wright

7.      On or about April 22, 2016, Mr. Wright entered into a Retail Installment Contract Simple Finance Charge ("Finance Agreement").

8.      A true and correct copy of the Finance Agreement is attached hereto and incorporated by reference as Exhibit "A."

9.      Pursuant to the Finance Agreement, Mr. Wright financed the purchase of a used 2016 Dodge Dart, VIN # 1C3CDFBB7GD624923 ("Dodge Dart").

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

10.     Since the purchase of the Dodge Dart, Mr. Wright used the Dodge Dart for the personal and household purposes.  In particular, Mr. Wright used the Dodge Dart for purposes germane to personal vehicle, to wit: transportation to and from work, school, and medical appointments.

### B. Financial Struggles of Mr. Wright

11.     Since purchasing the Dodge Dart, Mr. Wright has experienced significant financial difficulties as a result of health problems.  In particular, Mr. Wright was diagnosed with diabetes which resulted in Mr. Wright being unable to work for significant periods of time in order to treat the disease.

12.     As a result of his health condition, Mr. Wright was unable to work and fell behind in his monthly installment payments on the Dodge Dart.

13.     In July 2017, Mr. Wright returned to work and communicated to Chrysler Capital that Mr. Wright would become current on the installment payments on the Dodge Dart as soon as possible.

14.     In response, Chrysler Capital responded to Mr. Wright that Chrysler Capital would forbear in taking any action against the Dodge Dart and Mr. Wright would make his next payment in August.

### C. Unlawful Repossession of the Dodge Dart through Breach of Peace

#### *1. General*

15.     Notwithstanding the agreement not to repossess the vehicle, Chrysler Capital retained or caused to be retained Ace Auto Recovery for the purpose of repossessing the Dodge Dart.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

16.     On July 15, 2017 at approximately 5:42 a.m., an employee and/or agent of Ace Auto Recovery went to the place of residence of Mr. Wright at 6214 West Harwood Avenue, Orlando, Florida 32835 for the purpose of repossessing the Dodge Dart.

17.     Mr. Wright was awoken by the sound of a truck outside the house.

18.     When Mr. Wright looked out the front window of the house, Mr. Wright saw much to his great shock a black tow truck pulling in under the carport of the house.  When the driver of the tow truck exited his vehicle, the tow truck driver saw Mr. Wright watching him from the window of the house.

19.     To deter Mr. Wright from interfering in the repossession of the Dodge Dart, the driver repositioned a pistol on his belt in order to purposefully and conspicuously display same.

20.     Although Mr. Wright believed that the agent was wrongfully repossessing his vehicle and would have otherwise objected, Mr. Wright was placed in immediate fear and apprehension of being injured by the recovery agent.  As a result, Mr. Wright remained in the house watching the recovery agent attach the tow tackle to the Dodge Dart and rapidly remove the vehicle from the carport.

21.     After the tow truck driver had left the area, Mr. Wright exited his house and discovered much to his further shock that the truck driver had damaged a Buick owned by his mother, Rosie Wright Harris, and a Chevrolet owned by his sister's boyfriend, Damon Moore, in order to gain access to the Dodge Dart which was parked underneath the carport.

22.     The Buick and Chevrolet vehicles were each moved by the tow truck driver to gain access to the Dodge Dart which was parked behind the vehicles in the carport.

23.     Both the Buick and Chevrolet sustained damage to their tires as a result of being dragged by the tow truck, with the Buick having its front bumper ripped off by the tow truck.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

24.     The UCC creates a non-delegable duty on the part of Chrysler Capital as creditor to repossess only by lawful peaceful means and in accordance with the UCC; Chrysler Capital as creditor is liable for all acts of its independent contractors, Ace Auto Recovery, with regard to repossession of the Dodge Dart.

**COUNT I – ACTION FOR VIOLATION OF THE UCC**
*(AS TO CHRYSLER CAPITAL ONLY)*

25.     This is an action for violation of Florida Statutes Chapter 679, Article 9, Part VI of the UCC, seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

26.     Mr. Wright realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

27.     At all times material hereto, the Dodge Dart was "collateral" as said term is defined under Florida Statute §679.1021(1)(l).

28.     At all times material hereto, Mr. Wright was a "debtor" as said term is defined under Florida Statute §679.1021(1)(bb).

29.     At all times material hereto, the Dodge Dart constituted "consumer goods" as said term is defined under Florida Statute §679.1021(1)(w).

30.     At all times material hereto, Chrysler Capital was a "secured party" as said term is defined under Florida Statute §679.1021(1)(sss).

31.     Pursuant to Florida Statute §679.609(2)(b) provides, *inter alia*, that a secured party such as Chrysler Capital may take possession of collateral without judicial process, if it proceeds without breach of the peace.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

32.     Pursuant to Florida Statute §679.610(2), every aspect of the disposition of collateral, including the method, manner, time, place and other terms must be commercially reasonable.

33.     As more particularly described above, Chrysler Capital has violated the requirements of Florida Statute §679.609 by taking possession of the Dodge Dart in the absence of a default.

34.     The repossession of the Dodge Dart involved a breach of the peace and was not commercially reasonable within the meaning of the UCC.

35.     Chrysler Capital failed to provide reasonable notice to Mr. Wright of the sale or disposition of the Dodge Dart as required by the UCC.

36.     As a direct and proximate result of the above-described acts, Chrysler Capital is liable for all damages sustained by Mr. Wright.

37.     Pursuant to Florida Statute §679.625(3)(b), Mr. Wright has the right to recover actual damages or an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price.

38.     Pursuant to Florida Statute §57.105(7), when a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the Court may also allow reasonable attorney's fees to the other party when that party prevails in the action, whether as plaintiff or defendant, with respect to the contract.

39.     Pursuant to the Finance Agreement, the holder of the Finance Agreement has the right to recover attorney's fees for any action taken to enforce the rights of the holder under the Finance Agreement upon default of Mr. Wright.

40.     Mr. Wright has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendant, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, for damages, interest, costs and attorney's fees pursuant to Florida Statute §57.105(7).

## COUNT II - ACTION FOR TRESPASS TO CHATTELS
### *(AS TO BOTH DEFENDANTS)*

41.     This is action for trespass of chattels seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

42.     Mr. Wright realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

43.     At all times material hereto, Mr. Wright had legal and equitable ownership and lawful possession of the Dodge Dart at the time of its taking by Defendants.

44.     Defendants interfered with the exclusive right to possession of Mr. Wright of the Dodge Dart by repossessing the Dodge Dart without the authority of law.

45.     Defendants intended to perform the acts that amounted to the unlawful interference with the personal property of Mr. Wright.

46.     Defendants had no legal authority or right to commit the act that amounted to the unlawful interference with the personal property of Mr. Wright.

47.     As a result of the above described trespass to the chattel of Mr. Wright, Mr. Wright has been damaged. The damages of Mr. Wright include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, as well as loss of the use of the Dodge Dart while same was in the possession of Defendants.

48.     The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted.  Mr. Wright reserves the right to amend his pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendants, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, and Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," for damages, together with interest and court costs.

### COUNT III - ACTION FOR EQUITABLE RELIEF (UCC)
### *(AS TO CHRYSLER CAPITAL ONLY)*

49.     This is an action for equitable relief pursuant to Florida Statute §679.625, UCC, involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

50.     Mr. Wright realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

51.     As detailed above, Chrysler Capital has acted wrongfully with respect to the taking of collateral represented by the Dodge Dart through the breach of the peace by its agent, Ace Auto Recovery.

52.     Pursuant to Florida Statute §679.625, if it is established that a secured party is not proceeding in accordance with Article 9, Part VI of the UCC, the court may enter an order restraining collection, enforcement or disposition of collateral of appropriate terms and conditions.

53.     Mr. Wright does not have an adequate remedy at law with respect to the disposition of the Dodge Dart.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

54.    Mr. Wright will suffer irreparable injury if Chrysler Capital is not enjoined from disposing of the Dodge Dart.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, respectfully moves this Court for an order enjoining Defendant, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, from disposing of the Dodge Dart or acting in a manner contrary to the requirements of the UCC with respect to the disposition of same.

## COUNT IV - ACTION FOR EQUITABLE RELIEF (COMMON LAW)
### *(AS TO CHRYSLER CAPITAL ONLY)*

55.    This is an action for common law equitable relief involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

56.    Mr. Wright realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

57.    As detailed above, Chrysler Capital repossessed the Dodge Dart without compliance with the requirements of the UCC.

58.    Mr. Wright does not have an adequate remedy at law with respect to the intended sale of the Dodge Dart.

59.    Mr. Wright will suffer irreparable injury if Chrysler Capital is allowed to the sell the Dodge Dart.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment for injunctive relief, both temporary and permanent, against Defendant, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, and for such other and further relief as justice may require.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

## COUNT V - ACTION FOR CONVERSION
### *(AS TO BOTH DEFENDANTS)*

60.    This is an action for conversion seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

61.    Mr. Wright realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

62.    In the event the Dodge Dart has been sold or otherwise disposed of by Chrysler Capital, the taking of the Dodge Dart was wrongful and without the authority of law.

63.    As a direct and proximate result of the taking of the Dodge Dart by Defendants, Defendants have converted the Dodge Dart and have deprived Mr. Wright of the use and possession of same.

64.    As a direct and proximate result of the conversion of the Dodge Dart by Defendants, Mr. Wright has been damaged. The damages of Mr. Wright include but are not necessarily limited to the fair market value of the Dodge Dart as of the date of its taking, together with mental pain and shock, suffering, aggravation, humiliation and embarrassment.

65.    The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted. Mr. Wright reserves the right to amend his pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendants, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, and Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," for damages, interest and costs.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

## COUNT VI - ACTION FOR VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQUI*)
### *(AS TO ACE AUTO RECOVERY ONLY)*

66.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

67.     Mr. Wright realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

68.     At all times material hereto, Mr. Wright was a "consumer(s)" as said term is defined under 15 U.S.C. §1692a(3).

69.     At all times material hereto, Chrysler Capital was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

70.     At all times material hereto, the obligation under the Finance Agreement was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

71.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including:

> (6)     Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

(15 U.S.C. §1692f(6)).

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

72.     Repossession agents such as Ace Auto Recovery are typically not within the definition of the term "debt collector" under 15 U.S.C. §1692a(6), except with respect to compliance with the requirements of  15 U.S.C. §1692f(6). *See, e.g., Smith v. AFS Acceptance, LLC*, 2012 WL 1969415 (M.D. Ill. 2012) [repossession agent is subject to the FDCPA if repossession occurs as a result of "breach of peace"]; *Purkett v. Key Bank USA, N.A.*, 2001 WL 503050 (N.D. Ill. 2001) [complaint which alleged the recovery agent broke through locked door to repossess car sufficient to allege breach of peace for purposes of liability under 15 U.S.C. §1692f(6)].

73.     As more particularly described above, Ace Auto Recovery has violated the FDCPA in that Ace Auto Recovery took possession of the Dodge Dart through a breach of the peace under the UCC, in contravention of 15 U.S.C. §1692f(6)(A).

74.     As a direct and proximate result of the violation of the FDCPA by Ace Auto Recovery, Mr. Wright has been damaged. The damages of Mr. Wright include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

75.     Pursuant to 15 U.S.C. §1692k, Mr. Wright is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

76.     Mr. Wright has retained the undersigned law office to represent his interests herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendant, Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," for actual and statutory damages, together with

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT VII - ACTION FOR REPLEVIN
### *(AS TO CHRYSLER CAPITAL ONLY)*

77.     This is an action for replevin of personal property pursuant to Florida Statute §78.055 involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

78.     Mr. Wright realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

79.     Mr. Wright is the legal and equitable owner of the Dodge Dart and is entitled to possession of same pursuant to the Finance Agreement attached hereto.

80.     The Dodge Dart is wrongfully detained by Chrysler Capital as a result of the repossession of the Dodge Dart through a breach of the peace described above.

81.     The Dodge Dart has not been taken for a tax, assessment or fine pursuant to law.

82.     The Dodge Dart has not been taken under an execution or attachment against the property of Mr. Wright.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands issuance of a writ of replevin directed to Defendant, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, for possession of the above-described personal property, together with costs.

## COUNT VIII - ACTION FOR NEGLIGENCE
### *(AS TO ACE AUTO RECOVERY ONLY)*

83.     This is an action for negligence seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

84.   Mr. Wright realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

85.   At all times material hereto, Ace Auto Recovery had the duty to exercise reasonable care with respect to the repossession of the Dodge Dart and to supervise its employees and agents so as to avoid a breach of the peace and damage to the property of Mr. Wright.

86.   As more particularly described above, Ace Auto Recovery breached its duty of reasonable care with respect to the repossession of the Dodge Dart.

87.   As a result of the negligence of Ace Auto Recovery, Mr. Wright has been damaged.

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendant, Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," for damages, together with interest and costs.

## COUNT IX - ACTION FOR ASSAULT
### *(AS TO BOTH DEFENDANTS)*

88.   This is an action for assault seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

89.   Mr. Wright realleges and reaffirms the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

90.   As more described above, Ace Auto Recovery caused the threat of immediate injury on Mr. Wright in an attempt to repossess the Dodge Dart.

91.   The present ability of Ace Auto Recovery to inflict injury by displaying a firearm, caused Mr. Wright to reasonably fear immediate bodily injury.

92.   As a direct and proximate result of the assault by Ace Auto Recovery against Mr. Wright, Mr. Wright has suffered damages, including but not limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

WHEREFORE, Plaintiff, Shedrick D. Wright, an individual, demands judgment against Defendants, Santander Consumer USA, Inc., a Florida corporation, d/b/a Chrysler Capital Corporation, and Ace Auto Recovery, Inc., a Florida corporation, d/b/a "Ace Auto Recovery of Orlando Corp.," "Ace Recovery" and "Platinum Recovery," together with interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, Shedrick D. Wright, an individual, pursuant to Rule 1.430, Florida Rules of Civil Procedure, demands a trial by jury of all issues so triable.

/s/ Robert W. Murphy

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660
(954) 763-8607 (FAX)
Email: rphvu@aol.com;
rwmurphy@lawfirmmurphy.com

COUNSEL FOR PLAINTIFF

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

# EXHIBIT "A"

**RETAIL INSTALLMENT SALE CONTRACT**
**SIMPLE FINANCE CHARGE**

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

Dealer Number _JF13.762E_    Contract Number _____

| Buyer Name and Address | Co-Buyer Name and Address | Seller-Creditor (Name and Address) |
|---|---|---|
| SHEDRICK WRIGHT | | AIRPORT CHRYSLER DODGE JEEP LLC |
| | | 5751 Eagle Vail Drive |
| | | Orlando, FL 32822 |
| Buyer's Birth Month: | Co-Buyer's Birth Month: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of _____ % per year. The Truth-In-Lending Disclosures below are part of this contract.
You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2016 | DODGE DART | 3,284 | 1C3CDFBB7GL624923 | XX Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural ☐ ____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 750.00 is |
|---|---|---|---|---|
| 16.78 % | $ 13,036.1 | $ 22,361.9 | $ 35,388.0 | $ 36,138.0 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| 72 | 491.50 | 06/26/16 |

Or As Follows:

Late Charge. If payment is not received in full within ___10___ days after it is due, you will pay a late charge of ___5___ % of each installment.
Prepayment. If you pay off all your debt early, you may have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (including $ 1,287.67 sales tax) | | $ 22,325.67(1) |
| 2 Total Downpayment = | | |
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller (e) | $ N/A | |
| Equals Net Trade In | $ N/A | |
| + Cash | $ 750.00 | |
| + Other | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4J below) | | $ 750.00(2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 21,575.67(3) |
| 4 Other Charges including Amounts Paid to Others on Your Behalf | | |
| (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies | | |
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A |
| D Optional Gap Contract | | $ N/A |
| E Official Fees Paid to Government Agencies | | $ N/A |
| F Government Documentary Stamp Taxes | | $ 77.70 |
| G Government Taxes Not Included in Cash Price | | $ N/A |
| H Government License and/or Registration Fees | | |
| | | $ 100.00 |
| I Government Certificate of Title Fees | | $ N/A |
| J Other Charges (Seller must identify who is paid and describe purpose) | | |
| to ___N/A___ for Prior Credit or Lease Balance (e) | $ N/A | |
| to ___N/A___ for ___N/A___ | $ N/A | |
| to ___N/A___ for ___N/A___ | $ N/A | |
| to ___N/A___ for ___N/A___ | $ N/A | |
| to STATE OF FL for MULTI/BATTERY/TIRE | $ 9.50 | |
| to ____ for ____ | $ N/A | |
| to ____ for ____ | $ N/A | |
| to ___N/A___ for ___N/A___ | $ N/A | |
| to ____ for ____ | $ N/A | |
| to ___N/A___ for ___N/A___ | $ N/A | |

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Term _____

☐ Credit Disability  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Term _____

Premium:

Credit Life $ _____N/A_____

Credit Disability $ _____N/A_____

Insurance Company Name _____

Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgment:
1. You understand that you have the option of assigning any other policy or policies you own or may procure for that purpose of covering the extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X _____
Buyer                                Date

X _____
Co-Buyer                             Date

2. You understand that the credit life coverage may be determined, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of the age and sex and that you could not sign this acknowledgment if the proposed credit life insurance policy does not contain this restriction.)

X _____
Buyer                                Date

X _____
Co-Buyer                             Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X _____
Buyer                                Date

X _____
Co-Buyer                             Date

**Other Optional Insurance**

☐ _____N/A_____
Type of Insurance          Term

Premium $ _____

Ins. Co. Name & Address _____

☐ _____N/A_____
Type of Insurance          Term

Premium $ _____

Ins. Co. Name & Address _____

1/8/2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 6, is paid in full on or before _____. **SELLER'S INITIALS** _____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos.

Name of Gap Contract _____

I want to buy a gap contract.

Buyer Signs X _____

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI Insurance through the Creditor, the cost of this insurance is $ _____ N/A _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.
You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X _____ Co-Buyer Signs X _____ Date: _____

| Trade-In Vehicle | | Trade-In Vehicle | |
|---|---|---|---|
| Year _____ | Make _____ | Year _____ | Make _____ |
| Model _____ | | Model _____ | |
| VIN _____ | | VIN _____ | |
| Gross Trade-In Allowance $ | N/A | Gross Trade-In Allowance $ | N/A |
| Payoff Made by Seller $ | N/A | Payoff Made by Seller $ | N/A |
| Lienholder _____ | | Lienholder _____ | |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s). Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____ Co-Buyer Initials _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.

Buyer Signature X _____ Co-Buyer Signature X _____

**JURY TRIAL WAIVER.** By signing this contract, you agree to waive your right to trial by jury.

Buyer Signature X _____ Co-Buyer Signature X _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign this contract within _____ 3 _____ days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ _____ 100.00 _____ per day from the date of cancellation until the vehicle is returned or repossessed.

X _____
Buyer Signs      Co-Buyer Signs

## NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs X _____ Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO THE BUYER:** a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 04/22/17 Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____

Seller Signs here GIBPORT CHRYSLER DODGE JEEP 04/22/17 By X _____ Title _____

Seller assigns its interest in this contract to CHRYSLER CAPITAL (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☐ Assigned without recourse    ☐ Assigned with limited recourse

Seller GIBPORT CHRYSLER DODGE JEEP LLC By _____ Title _____

---

**Premium $** _____
**Ins. Co. Name & Address** _____
Type of Insurance _____ Term _____

☐ Type of Insurance _____ Term _____
**Premium $** _____ N/A
**Ins. Co. Name & Address** _____

☐ Type of Insurance _____ Term _____
**Premium $** _____ N/A
**Ins. Co. Name & Address** _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

Buyer Signature X _____ Date _____
Co-Buyer Signature X _____ Date _____

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

Returned Payment Charge: If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300 or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ _____ 77.70 _____ has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. _____ N/A _____

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

**OTHER IMPORTANT AGREEMENTS** /2018 FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure Finance Charge. We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. You may ask for a payment extension. You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.
   If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security interest.
   You give us a security interest in:
   • The vehicle and all parts or goods put on it;
   • All money or goods received (proceeds) for the vehicle;
   • All insurance, maintenance, service, or other contracts we finance for you; and
   • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   • What happens to returned insurance, maintenance, service,

   If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), you may have to pay all you owe on this contract at once. Default means:
   • You do not pay any payment on time;
   • You give false, incomplete, or misleading information on a credit application;
   • You start a proceeding in bankruptcy or one is started against you or your property; or
   • You break any agreements in this contract.
   The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **OPTIONAL SERVICE CONTRACTS**
   You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

7. **REJECTION OR REVOCATION**
   If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

8. **SERVICING AND COLLECTION CONTACTS**

e.   What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3.   IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
a.   You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

**SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**8.   APPLICABLE LAW**
Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

**Seller's Right to Cancel**

a.   Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on the front of this contract, and assign this contract to a financial institution. You agree that Seller has the number of days stated on the front of this contract to assign this contract. You agree that if Seller is unable to assign this contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel this contract. Seller's right to cancel this contract ends upon assignment of this contract.

b.   If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.

c.   Upon receipt of the notice of cancellation, you must return the vehicle to Seller within 48 hours in the same condition as when sold other than reasonable wear for the time you had it. Except as described below, Seller must give you back all consideration Seller has received from you in connection with this contract.

d.   If you do not return the vehicle within 48 hours after receipt of the notice of cancellation, you agree that Seller may use any lawful means to take it back (including repossession if done peaceably) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller the charge shown in the Seller's Right to Cancel provision on the front of this contract for each day you do not return the vehicle after receipt of the notice of cancellation.

e.   While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession. Seller may deduct from any consideration due to you under paragraph c. above Seller's reasonable costs to repair the vehicle and any daily charges you incur if you fail to return the vehicle within 48 hours after receipt of the notice of cancellation. If Seller cancels this contract, the terms of this Seller's Right to Cancel provision (including those on the front of this contract) remain in effect even after you no longer have possession of the vehicle.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-FL 5/14